IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN RAMIREZ, | § | |
|     Petitioner, | § | |
| V. | § | C.A. NO. C-03-126 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

By final judgment entered April 9, 2004, this Court conditionally granted Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent timely appealed and the Fifth Circuit reversed this Court's judgment. Ramirez v. Dretke, 396 F.3d 646 (5th Cir. 2005). The Fifth Circuit then denied Ramirez's motion for rehearing en banc and the mandate issued on February 7, 2005. Ramirez v. Dretke, 130 Fed. Appx. 705 (5th Cir. 2005); (D.E. 42.) Ramirez did not file a petition for writ of certiorari. See generally docket sheet in Ramirez v. Dretke, No. 04-40600 (5th Cir.). In light of the Fifth Circuit's reversal, and the fact that the Fifth Circuit did not remand to this Court for further proceedings, Petitioner's § 2254 petition has been denied on its merits pursuant to the Fifth Circuit's opinion.

On October 19, 2006, the Clerk received from Ramirez a motion titled as a "Petition for Relief from Final Judgment," in which he asks for relief pursuant to Fed. R. Civ. P. Rule 60(b)(4). (D.E. 45.) Rule 60(b)(4) permits the Court to relieve a party from a final judgment, order, or proceedings because "the judgment is void." Fed. R. Civ. P. 60(b)(4). Ramirez's motion is now pending before the Court and is addressed herein.

In his motion, Ramirez claims that he is challenging "the judgment as void for lack of subject matter jurisdiction." (D.E. 45 at 1.) His arguments are difficult to understand, but it appears that he is claiming that this Court should not have entered judgment, but instead should have deferred to the state court's judgment or allowed Ramirez to first develop the factual basis for his claims in state

court. He asks that this Court set aside and vacate its judgment as void for lack of subject matter jurisdiction.

Unsurprisingly, Ramirez is displeased with the result in the instant case. He apparently now regrets having filed a federal habeas petition instead of pursuing a state habeas remedy first. According to his motion, he has recently filed a state habeas corpus petition, and the Attorney General is arguing in that case that the Fifth Circuit's decision in this case represents the "law of the case," and thereby prevents him from obtaining relief. (D.E. 45 at 4.)[1] He claims that "everyone bypassed the State's Highest Court by not giving" it the opportunity to address his claims. (Id..)

Ramirez's contentions are without merit and fail for numerous reasons. As an initial matter, Respondent in this case filed a statement that Ramirez had properly exhausted his state remedies. (D.E. 12.) Ramirez was given an opportunity to respond, (D.E. 11,) but chose not to so do. Thus, his belated claim that he did not properly exhaust is of questionable validity. Moreover, although he seems to suggest that he did not properly exhaust because he did not first file a state habeas, he misunderstands the law on exhaustion. Even though he had not filed a state petition for writ of habeas corpus, if he raised his claims during his direct criminal appeal or in his petition for discretionary review, they are considered exhausted. Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997) ("When a state prisoner properly presents his federal claim to the highest state court on direct review, he need not ask for state collateral relief on the same ground and on the same evidence.").

More importantly, however, federal courts have authority to deny a federal petition for writ of habeas corpus even if the petitioner has not properly exhausted his state remedies:

> An application for a writ of habeas corpus may be denied on the

---

[1] The only written state court decision the Court has been able to locate filed by Ramirez is Ex parte Ramirez, 2006 WL 1173437 (Tex. Crim. App. May 3, 2006.) In this decision, the Texas Court of Criminal Appeals remands Ramirez's state petition for habeas corpus to the 148th District Court, Nueces County. It instructs the lower court to resolve factual issues and return its findings of fact and conclusions of law to the Texas Court of Criminal Appeals within 120 days. According to the docket sheet in that case, the Texas Court of Criminal Appeals denied Ramirez's request for habeas relief without written order on October 11, 2006.

>merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(2). Thus, even if Ramirez had not properly exhausted, denial of his petition on the merits (as was done by the Fifth Circuit) was proper. See id.

Ramirez's argument is also without merit because the habeas exhaustion requirements are not jurisdictional. Moore v. Quarterman, 454 F.3d 484, 490 (5th Cir. 2006). Accordingly, a failure to exhaust does not deprive this Court or the Fifth Circuit of subject matter jurisdiction over Ramirez's claims.

Finally, the Court notes that, to the extent Ramirez is asking this Court to void its judgment in the hopes that such an order would also void the Fifth Circuit's judgment, his request cannot be granted. This Court is without authority to void or otherwise invalidate a Fifth Circuit opinion.

The Court understands that Ramirez is displeased with the Fifth Circuit's decision and that, with the benefit of hindsight, he would prefer to "undo" the fact that he filed for habeas relief first in federal court, rather than state court. But his arguments do not withstand scrutiny. This Court had jurisdiction over his petition, as did the Fifth Circuit.

Ramirez's motion for relief from judgment (D.E. 45.) is DENIED.

It is ORDERED this 12th day of January, 2007.

_____
Janis Graham Jack
United States District Judge